IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OTRANDO, PORCARO & ASSOCIATES Ltd,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN HAYES and MARK HAYES,<br><br>Defendants. | C.A. No. 08-246-T<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

The Defendants Kathleen Hayes and Mark Hayes ("Defendants") by and through their undersigned attorneys, answer the Complaint ("Complaint") filed by Otrando, Porcaro & Associates, Ltd ("Plaintiff") and counterclaim as follows:

1. Defendants are without information or knowledge sufficient to form a belief at to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3. The Complaint does not contain a paragraph 3.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, the Defendants assert the following:

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

THIRD AFFIRMATIVE DEFENSE

Plaintiff, by its words and conduct, is estopped from recovering against Defendants.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendants deny, it is not entitled to recover due to its failure to mitigate damages.

SIXTH AFFIRMATIVE DEFENSE

If any contract existed as alleged by Plaintiff in its claims, which Defendants deny, Plaintiff is not entitled to recover due to its waiver, abandonment, repudiation, rescission, and/or breach of contract.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for lack of privity.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses that may be revealed during discovery.

WHEREFORE, Defendants, Mark Hayes and Kathleen Hayes, request judgment in their favor and against Plaintiff, Otrando, Porcaro & Associates, Ltd, with respect to all claims asserted against them, and such other relief the Court deems just and proper.

# DEFENDANTS' COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, defendants and plaintiffs-in-counterclaim Kathleen Hayes and Mark Hayes ("plaintiffs-in-counterclaim" or "Hayes") hereby counterclaim against plaintiff and defendant-in-counterclaim Otrando, Porcaro & Associates, Ltd ("defendant-in-counterclaim" or "OPA"), as follows:

## I. INTRODUCTION

1. By their counterclaim, plaintiffs-in-counterclaim seek to recover the damages they have sustained as a result of defendant-in-counterclaim's negligence and breach of contract. As set forth more fully hereafter, the defendant-in-counterclaim failed to exercise the applicable professional standard of care in performing accounting services for plaintiffs-in-counterclaim and, as a result, caused plaintiffs-in-counterclaim to suffer damage in excess of $70,000.00.

## II. PARTIES

2. The defendants and plaintiffs-in-counterclaim are residents of the Commonwealth of Massachusetts.

3. The plaintiff and defendant-in-counterclaim is a Rhode Island corporation with its principal place of business at 1230 Greenwich Avenue, Warwick, Rhode Island 02886.

## III. HAYES' CLAIMS

4. The Hayes retained the accounting services of Otrando, Porcaro & Associates, Ltd., and its successors, for over twenty years, until 2005. For the majority of that time, Richard Otrando ("Otrando") was engaged as the Hayes' certified public accountant ("CPA") and handled the Hayes' personal and business accounting needs.

5. In 2004, Otrando informed the Hayes that he had a serious illness, but that he was planning to maintain his professional obligations.

6. Despite his illness, Otrando met with the Hayes in 2004 for the purpose of completing their 2003 tax returns. Due to Otrando's condition, rather than spending the customary one and a half to two hours with the Hayes to complete their returns, Otrando was only able to assist the Hayes for approximately ten minutes. Otrando referred the Hayes to a colleague, Tom Main ("Main"), to finish preparing their tax returns.

7. Main, who was not a CPA, concluded that the Hayes personally owed the Internal Revenue Service ("IRS") in excess of $40,000.00. This figure was significantly more than the Hayes typically owed the government for their taxes.

8. Gregg Picaro ("Picaro"), a CPA and name partner of OPA, subsequently identified numerous errors made by Main in calculating the Hayes' personal tax return. Pursuant to Picaro's suggestions, the Hayes' tax liability was reduced by approximately $15,000.00.

9. After the Hayes' personal and business tax returns were completed and filed, they noticed that OPA failed to take advantage of a $25,000.00 tax credit that was available to them. The Hayes were eligible for a $25,000.00 tax credit as a result of a purchase of a vehicle (the "Credit"). The Credit was not taken despite the Hayes' specific request to OPA, and Main, that it be utilized.

10. The Hayes notified OPA of its failure to recognize the Credit on their tax return. Thereafter, in an attempt to remedy the problem, and unbeknownst to the Hayes, OPA created a fictitious lease between the Hayes and one of their companies for the vehicle. OPA then took a $63,000.00 depreciation deduction pursuant to the fictional lease on the Hayes' 2003 personal tax return.

11. In completing the Hayes' 2004 personal tax return, OPA forgot that it had created the fictitious lease and failed to identify the same. OPA also failed to report $97,540.72 of

income on the Hayes' 2004 personal tax return despite taking a tax deduction of that amount for one of the Hayes' companies, TCI International, Inc.

12. These inconsistencies and errors on the Hayes' personal tax returns resulted in an IRS audit in 2006.

13. The Hayes retained Rosenfield Taymon Pielech PC to handle the IRS audit and paid $2,900.00 for its services.

14. As a result of the audit, the IRS disallowed the $63,000.00 depreciation deduction taken pursuant to the fictional lease and required the Hayes to pay an additional $24,097.00 of taxes and $5,182.66 of interest. The IRS also assessed a $5,410.88 penalty due to the error.

15. In addition, in order to remedy OPA's failure to report $97,540.72 of the Hayes' income, the Hayes were required to pay the IRS an additional $40,373.00 in taxes and $5,517.32 of interest. The IRS assessed a penalty of $4,984.56 in conjunction with the underreporting of this income.

16. The Hayes were also caused to pay additional self-employment taxes, of $8,960.00 and $13,512.00, respectively, as a result of OPA's accounting errors and negligence.

17. In total, OPA caused the Hayes to incur approximately $70,564.42 of tax liability that, but for OPA's errors and negligence, would not have been assessed.

**COUNT I**
**(<u>Negligence – Accounting Malpractice</u>)**

18. The Hayes repeat and reallege the allegations of paragraphs 1 through 17 above as through fully set forth herein.

19. Defendant-in-counterclaim OPA owed the Hayes a duty to exercise reasonable care in the performance of its professional accounting services, and a duty to perform those services in accordance with the accepted professional practices and standards.

20. OPA breached those duties for the reasons set forth above by, among other things, failing to properly recognize the Credit and failing to identify income received by the Hayes while completing the Hayes tax returns.

21. As a direct and proximate result of the negligence of OPA, the Hayes have suffered damage.

22. By virtue of the foregoing, OPA is liable to the Hayes in the amount of approximately $70,564.42, together with interest, costs and attorneys' fees.

**COUNT II**
**(Breach of Contract)**

23. The Hayes repeat and reallege the allegations of paragraphs 1 through 22 above as through fully set forth herein.

24. Defendant-in-counterclaim OPA has breached its agreement with the Hayes by failing to accurately prepare their tax returns.

25. By virtue of the foregoing, OPA is liable to the Hayes for their resultant damages of approximately $70,564.42, together with interest, costs and attorneys' fees.

## IV. RELIEF REQUESTED

WHEREFORE, the plaintiffs-in-counterclaim, Mark and Kathleen Hayes, demand:

1. With respect to Count I, that the Court find and adjudge that the defendant-in-counterclaim Otrando, Porcaro & Associates, Ltd, breached the duties it owed to the Hayes by negligently rendering accounting services and, thereby, causing the Hayes to sustain damages of approximately $70,564.42, together with interest, costs and attorneys' fees.

2. With respect to Count II, that the Court find and adjudge that the defendant-in-counterclaim Otrando, Porcaro & Associates, Ltd, has breached its contract with the Hayes and

order OPA to pay to the Hayes the damages they sustained, approximately $70,564.42, together with interest, costs and attorneys' fees.

3. That the Court grant such other and further relief as it deems just and appropriate.

**THE DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM DEMAND A TRIAL BY JURY**

KATHLEEN HAYES AND MARK HAYES,

By their attorney,

_/s/ Zachary W. Berk______________________

Zachary W. Berk, R.I. Bar No. 7453
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
zberk@seyfarth.com

July 15, 2008